UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| *AMERICAN FAMILY MUTUAL* | ) | |
| *INSURANCE COMPANY S.I.,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| *BOBBY DAVID LOWREY, KERRI* | ) | |
| *LOWREY, WIN TAUTE, BOBBY* | ) | |
| *DAVID LOWREY FARMS, LOWREY* | ) | |
| *FARMS, LOWREY & LOWREY, INC.* | ) | |
| and *LOWREY FARMS, INC.;* | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| *GARY D. MURPHY II, CAMIE JO* | ) | |
| *MURPHY, GARY D. MURPHY II FARMS,* | ) | |
| *GARY D. MURPHY, KAREN MURPHY,* | ) | |
| *GARY D. MURPHY FARMS, GARY* | ) | |
| *DALTON MURPHY III, RACHEL* | ) | |
| *MURPHY, GARY AND RACHEL* | ) | |
| *MURPHY FARMS, MURPHY COTTON,* | ) | |
| *LLC, WILLIAM BARRY AYCOCK,* | ) | |
| *MICHELLE AYCOCK, KATHRYN* | ) | |
| *MITCHELL, TIM MURPHY, TRISH* | ) | |
| *MURPHY, TIM & TRISH MURPHY FARMS* | ) | |
| *BRYAN WALTERS and KATIE WALTERS,* | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW American Family Mutual Insurance Company, S.I. (hereinafter "American Family"), by its attorneys, Sandberg Phoenix & von Gontard P.C., and for its Complaint for Declaratory Judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, states as follows:

1

## PARTIES, JURISDICTION AND VENUE

1.      American Family is an insurance company incorporated under the laws of the State of Wisconsin with its principal place of business in Madison, Wisconsin for purposes of diversity jurisdiction.

2.      Defendant Bobby David Lowrey, upon information and belief, is a Missouri citizen for purposes of diversity jurisdiction.

3.      Defendant Kerri Lowrey, upon information and belief, is a Missouri citizen for purposes of diversity jurisdiction.

4.      Defendant Win Taute, upon information and belief, is a Missouri citizen for purposes of diversity jurisdiction.

5.       Defendant Bobby David Lowrey Farms is a partnership whose partners consist of Bobby David Lowrey and Kerri Lowery, who are both, upon information and belief, Missouri citizens for purposes of diversity jurisdiction.

6.      Defendant Lowey Farms is a partnership whose partners consist of Bobby David Lowrey and Kerri Lowrey, who are both, upon information and belief, Missouri citizens for purposes of diversity jurisdiction.

7.      Defendant Lowrey & Lowrey Inc. d/b/a Lowrey Farms is a corporation organized under the laws of the State of Missouri with its principal place of business in New Madrid County, Missouri for purposes of diversity jurisdiction.

8.      Defendant Lowrey Farms, Inc. is corporation organized under the laws of the State of Missouri with its principal place of business in New Madrid County, Missouri for purposes of diversity jurisdiction.

9.       Defendant Gary D. Murphy II is, upon information and belief, a Missouri citizen for purposes of diversity jurisdiction.

10.      Defendant Camie Jo Murphy is, upon information and belief, a Missouri citizen for purposes of diversity jurisdiction.

11.      Defendant Gary D. Murphy II Farms is a partnership whose partners consist of Gary D. Murphy II and Camie Jo Murphy, who are both, upon information and belief, Missouri citizens for purposes of diversity jurisdiction.

12.      Defendant Gary D. Murphy is, upon information and belief, a Missouri citizen for purposes of diversity jurisdiction.

13.      Defendant Karen Murphy is, upon information and belief, a Missouri citizen for purposes of diversity jurisdiction.

14.      Defendant Gary D. Murphy Farms is a partnership whose partners consist of Gary D. Murphy and Karen Murphy, who are both, upon information and belief, Missouri citizens for purposes of diversity jurisdiction.

15.      Defendant Gary Dalton Murphy III is, upon information and belief, a Missouri citizen for purposes of diversity jurisdiction.

16.      Defendant Rachel Murphy is, upon information and belief, a Missouri citizen for purposes of diversity jurisdiction.

17.      Defendant Gary and Rachel Murphy Farms is a partnership whose partners consist of Gary Murphy and Rachel Murphy, who are both, upon information and belief, Missouri citizens for purposes of diversity jurisdiction.

3

18.     Defendant Murphy Cotton, LLC is a limited liability company organized under the laws of the State of Missouri with its principal place of business in Stoddard County, Missouri for purposes of diversity jurisdiction.

19.     Defendant William Barry Aycock is, upon information and belief, a Missouri citizen for purposes of diversity jurisdiction.

20.     Defendant Michelle Aycock is, upon information and belief, a Missouri citizen for purposes of diversity jurisdiction.

21.     Defendant Kathryn Mitchell is, upon information and belief, a Missouri citizen for purposes of diversity jurisdiction.

22.     Defendant Tim Murphy is, upon information and belief, a Missouri citizen for purposes of diversity jurisdiction.

23.     Defendant Trish Murphy is, upon information and belief, a Missouri citizen for purposes of diversity jurisdiction.

24.     Defendant Tim and Trish Murphy Farms is a partnership whose partners consist of Tim Murphy and Trish Murphy, who are both, upon information and belief, Missouri citizens for purposes of diversity jurisdiction.

25.     Defendant Bryan Walters is, upon information and belief, a Missouri citizen for the purposes of diversity jurisdiction.

26.     Defendant Katie Walters is, upon information and belief, a Missouri citizen for the purposes of diversity jurisdiction.

27.     There is a current case and controversy between the parties to this action.

28.     This Complaint for Declaratory Judgment is initiated pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, codified at 28 U.S.C.

4

Sections 2001 and 2201, to obtain a declaration of American Family's rights and obligations under a certain policy of insurance issued by American Family.

29.     This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because it is a civil action between residents and citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

30.     Venue is proper in the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1391(b)(1), and Local Rule 2.07, because the events giving rise to this claim occurred within the Eastern District, including the subject insurance policy was issued within the Eastern District.

## FACTS COMMON TO ALL COUNTS

### The Underlying Incident

31.     On or about June 17, 2020, Plaintiffs in the Underlying Lawsuit ("Underlying Plaintiffs")[1] allege Defendants in the Underlying Lawsuit ("Underlying Defendants")[2] made or caused to be made one or more applications of herbicide, which contained an ingredient allegedly known to be highly injurious to cotton.

32.     Underlying Plaintiffs allege this application of herbicide drifted from Underlying Defendants' property, the intended target, onto Underlying Plaintiffs' property and respective crops.

33.     This alleged drifting and/or overspray of the herbicide allegedly caused damage to Underlying Plaintiffs' respective crops.

---

[1] Underlying Plaintiffs are as follows: Gary D. Murphy II, Camie Jo Murphy, Gary D. Murphy II Farms, Gary D. Murphy, Karen Murphy, Gary D. Murphy Farms, Gary Dalton Murphy III, Rachel Murphy, Gary and Rachel Murphy Farms, Murphy Cotton, LLC, William Barry Aycock, Michelle Aycock, Kathryn Mitchell, Tim Murphy, Trish Murphy, Bryan Walters, and Katie Walters.

[2] Underlying Defendants are as follows: Bobby David Lowrey, Kerri Lowrey, Win Taut, Bobby David Lowrey Farms, Lowrey Farms, Lowrey & Lowrey, Inc., and Lowrey Farms, Inc.

34.    Underlying Plaintiffs identify the herbicide allegedly used as "2,4-D", a herbicide containing "2,4-Dichlorophenoxyacetic acid, choline salt, 2,4- Dichlorophenoxyacetic acid, isooctyl (2-ethylhexyl) ester and/or Dmethylamine Salt of 2,4- Dichlorophenoxyacetic acid.

35.    Underlying Plaintiffs claim Underlying Defendants' application of the herbicide was improper and/or negligent in several ways.

36.    Underlying Plaintiffs allege the herbicide applications were made contrary to label directions and under conditions that permitted spray drift of the herbicide to nontarget fields, including Underlying Plaintiffs' cotton fields.

37.    Underlying Plaintiffs allege Underlying Defendants were aware of the risks to nearby cotton crops and specifically knew that Underlying Plaintiffs' cotton crops, which were not genetically modified, were highly susceptible to injury from the herbicides used by Underlying Defendants.

38.    Underlying Plaintiffs allege that the risk of using 2,4-D on cotton crops like Underlying Plaintiffs' was "well-known" to Underlying Defendants, and Underlying Defendants were aware that cotton crops susceptible to 2,4-D injury were prevalent in the area.

39.    Underlying Plaintiffs allege that despite knowledge of these risks, Underlying Defendants applied the herbicide during the months of June and July 2020.

40.    Underlying Plaintiffs allege that certain environmental conditions presented risk of injury to nontarget crops like Underlying Plaintiffs' including wind speeds, wind direction, and temperature inversion at the time of the herbicide applications.

41.    Underlying Plaintiffs claim Underlying Defendants applied the herbicide with improper equipment and otherwise violated advisories/instructions on the herbicide label.

**The Underlying Lawsuit**

42.    On or about May 27, 2025, Underlying Plaintiffs filed a Petition in the Circuit Court of New Madrid County, Missouri, identified as Cause No.: 25NM-CV00393 ("Petition" and/or the "Lawsuit"), alleging that Underlying Defendants are liable to them for damages related to the injuries they allegedly sustained as a result of Underlying Defendants' application of herbicides that allegedly drifted onto Plaintiffs' cotton crops ("Underlying Incident"). A true and accurate copy of Plaintiffs' Petition is attached as **Exhibit A** and is incorporated by reference as if fully set forth herein.

43.    The Petition alleges that Underlying Defendants acted negligently in that Underlying Defendants "are licensed applicators of regulated pesticides and have a duty to act reasonably and in accordance with the label directions and recommendations" when applying herbicides. Underlying Plaintiffs allege Underlying Defendants' conduct constituted a breach of their duty to act reasonably, and that breach directly and proximately caused injury to Underlying Plaintiffs' crops.

44.    The Petition additionally alleges Defendants' conduct constitutes "intentional" trespass on Plaintiffs' crops/land.

45.    Underlying Plaintiffs, using acreage and cost per pound metrics calculated $1,079,208.90 in damages/loss.

46.    American Family is currently affording the Underlying Defendants a defense of the Underlying Lawsuit, subject to its reservation of rights raising as coverage defenses the grounds upon which it seeks a declaratory judgment in this action.[3]

---

[3] We understand American Family is not providing a defense for Win Taute, however.

7

**The American Family Policy**

47.     American Family issued a "Farm/Ranch Umbrella Policy," Policy No. 91000-39211-40, with a policy period from July 26, 2020 through July 26, 2021 to Policyholder "Kerri Lowrey" ("Policyholder" or "Named Insured"). A certified copy of the Policy is attached as **Exhibit B** and incorporated by reference as if fully set forth herein.

48.     The Policy has an each occurrence/aggregate limit of $10,000,000 with a $10,000 retained limit.

49.     The Policy provides in pertinent part:

* * *

**AMENDMENT OF POLICY TERMS**

* * *

**DEFINITIONS**

**\*\*\***

The following definitions are added:

* * *

6. "Pollutant" means:

    a.  Any substance or material that is a solid, liquid, gaseous, thermal, or radioactive irritant or contaminant, including but not limited to acids, alkalis, chemicals, fumes, smoke, soot, vapor, and waste. Waste includes substances or materials to be disposed of as well as recycled, reclaimed, or reconditioned. Such substances and materials include, but are not limited to:

        1.  diesel, gasoline, propane, and other fuels, kerosene and other fuel oils, petroleum distillates, and any other petroleum-derived products; lubrication oils, adjuvant oils, crop oils; brake and other hydraulic fluids; methanol and other antifreeze additives; exhaust gases; ethylene dichloride, hexylene glycol, mineral spirits and other solvents; perchloroethylene (PERC) and other dry cleaning chemicals; chlorofluorocarbons; adhesives; and pesticides,

8

insecticides, fungicides, fertilizer, animal or bird waste, and sewage; and

2. all substances and materials listed or described by one or more of the following references, including any amendments thereto: the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); the Priority List Of Hazardous Substances (1997 and all subsequent editions) developed by the Agency For Toxic Substances And Disease Registry; and/or the U.S. Environmental Protection Agency EMCI Chemical References Complete Index.

* * *

c. definition of "pollutant" applies whether or not the substance, material, particle, field, or sound serves any purpose with respect to:

1. the ownership, maintenance, or use of:
    a. an "insured premises" or operations that are necessary or incidental to an "insured premises"; or
    b. a "motorized vehicle" or watercraft; or
2. a farm or business operation, premises, site, or location.

* * *

## EXCLUSIONS

The following exclusions are added:

* * *

5. "We" do not pay for:

a. "bodily injury" or "property damage" arising out of the actual, alleged, or threatened discharge, dispersal, release, or escape of "pollutants":

1) at or from any premises, site, or location which is or was at any time owned by, occupied by, rented to, or loaned to any "insured", unless the "bodily injury" or "property damage" arises from the heat, smoke, or fumes of a fire which: * * *
4) at or from any premises, site, or location where any 'insured' or any contractor or subcontractor, directly or indirectly under 'your' control, is working:

9

## COUNT I – DECLARATORY JUDGMENT

50.     American Family incorporates by reference, as if fully set forth herein, the allegations set forth in paragraphs 1 through 49 above.

51.     American Family contends that no coverage exists under the Policy for any claims arising from or related to the Underlying Incident and that American Family owes neither a duty to defend nor a duty to indemnify its Named Insured, and/or any other insured under the Policy, including any of the Underlying Defendants, for any claims or damages made by Underlying Plaintiffs in the Lawsuit, or otherwise arising from or related to the Underlying Incident.

52.     American Family contends that no coverage exists under the Policy for any claims arising from or related to the Underlying Incident because the Policy's Pollution Exclusion applies.

53.     Based on the following allegations, there is a present and justiciable controversy or dispute over coverage under the Policy, including whether American Family has a duty to defend the Named Insured and/or the Underlying Defendants from the allegations in the Underlying Lawsuit, and the controversy is ripe for a determination.

### *(The Pollution Exclusion Applies)*

54.     The Policy's Pollution Exclusion excludes coverage for "'bodily injury' or 'property damage' arising out of the actual, alleged, or threatened discharge, dispersal, release, or escape of 'pollutants': 1) at or from any premises, site, or location which is or was at any time owned by, occupied by, rented to, or loaned to any 'insured'[.]"

55.     Additionally, the Amendment of Policy Terms provides the operative definition of "pollutant", in relevant part, as follows: "any substance or material that is solid, liquid, gaseous, thermal, or radioactive irritant or contaminant, including but not limited to acids, alkalis, chemicals, fumes, smoke, soot, vapor, and waste. Waste includes substances or materials to be disposed of as

well as recycled, reclaimed, or reconditioned. Such substances and materials include, but are not limited to: 1. …pesticides, insecticides, fungicides, fertilizer…"

56.    The Policy also states the "definition of 'pollutant' applies whether or not the substance, material, particle, field, or sound serves any purpose with respect to: 1. the ownership, maintenance, or use of: a. an 'insured premises' or operations that are necessary or incidental to an 'insured premises'; . . . 2. a farm or business operation, premises, site, or location."

57.    The Petition specifically alleges that Underlying Plaintiffs suffered injury because of Underlying Defendants' application of herbicides on their crops that caused off-target drift onto Underlying Plaintiffs' crops.

58.    The Pollution Exclusion applies based on its plain language because herbicides are pollutants, as defined under the Policy, and as such, the Pollution Exclusion applies because herbicides allegedly discharged onto Plaintiffs' respective crops.

59.    The Environmental Protection Agency defines "Herbicide", in relevant part as "[a] *pesticide* designed to control or kill plants, weeds, or grasses." (emphasis added).[4]

60.    The Policy expressly provides that "pesticides" are considered "pollutants."

61.    Applying the Policy's "pollutants" definition, a reasonable layperson would agree herbicides are pollutants.

62.    Accordingly, this Court should find the herbicides at issue in the Underlying Lawsuit are "pollutants" under the Policy's above-quoted definition.

---

[4] *See* https://sor.epa.gov/sor_internet/registry/termreg/searchandretrieve/glossariesandkeywordlists/search.do;jsessionid=5pVew7YrvNlzT_Pdj2cNcnlMJUYtoGSXEDGV4YsUcU0-bbS9P3Ws!-81306980?details=&vocabName=Pesticides%20Glossary&filterTerm=herbicide&checkedAcronym=false&checkedTerm=false&hasDefinitions=false&filterTerm=herbicide&filterMatchCriteria=Contains.

63.     As such, the Pollution Exclusion's express terms apply to the facts alleged in the Underlying Lawsuit, such that American Family owes no duty to defend and/or indemnify Defendants for the claim made and allegations contained in the Lawsuit.

WHEREFORE, American Family Mutual Insurance Company, S.I. prays this Court to enter its declaratory judgment in its favor, and against all Defendants on Count I of its Declaratory Judgment Complaint, declaring that no coverage exists under the Policy for any of the claims, allegations or damages sought against the Underlying Defendants in the Underlying Lawsuit, and that American Family neither owes the Underlying Defendants, its Named Insured, and/or any other named insured or other insured a duty to defend, nor indemnify, for any damages or other relief sought from them with regard to the Underlying Lawsuit, or any allegations made against them n it, or otherwise in connection with any claims or allegations made, or damages sought from them in the Underlying Lawsuit, for its costs, and for any further orders and relief this court deems just and proper under the circumstances.

Respectfully Submitted,

SANDBERG PHOENIX & von GONTARD P.C.

By:   */s/ Philip C. Graham*
      Philip C. Graham, #40345MO
      Adrianna J. Northrop, #76840MO
      701 Market Street, Suite 600
      St. Louis, MO  63101
      314-231-3332
      314-241-7604 (Fax)
      pgraham@sandbergphoenix.com
      anorthrop@sandbergphoenix.com
      *Attorneys for Plaintiff American Family*
      *Mutual Insurance Company, S.I.*

## Certificate of Service

I hereby certify that on January 7, 2026 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to all counsel of record.


*/s/ Philip C. Graham*